IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANE MARIE FARDEN,

      Plaintiff,

      vs.                                                                                              2:15-cv-00726-LF

NANCY A. BERRYHILL,[1]
Acting Commissioner of the
Social Security Administration,

      Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR
ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

THIS MATTER comes before the Court on plaintiff Diane Farden's request for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, filed on, August 2, 2017, and fully briefed on August 21, 2017. Docs. 33, 35, 36. The parties consented to my entering a final judgment in this case. Doc. 30. Having reviewed the parties' submissions and being fully advised, I find that an award of attorney's fees is appropriate, but that the amount of fees requested is excessive and unreasonable. I therefore GRANT the motion in part and DENY the motion in part.

**I.    Background Facts**

Ms. Farden initially applied for Supplemental Security Income benefits on March 17, 2008, alleging disability since March 13, 2007. AR[2] 223–29. Ms. Farden alleged she was

---

[1] Nancy A. Berryhill, the new Acting Commissioner of Social Security, is automatically substituted for her predecessor, Acting Commissioner Carolyn W. Colvin, as the defendant in this suit. FED. R. CIV. P. 25(d).

[2] Documents 20-1 through 20-64 comprise the sealed administrative record ("AR"). When citing to the record, the Court cites to the AR's internal pagination rather than the CM/ECF document

disabled due to arthritis in her spine, headaches, depression, insomnia, bulging discs in her back, pain in both her legs, shooting pain from the bottom of her spine to the top of her head, degenerative disc disease, and a ventral hernia.  AR 240.  At the time of her March 2008 application, Ms. Farden lived in Dallas, Texas.  AR 224.  While her application was pending, Ms. Farden moved to Clovis, New Mexico, and from Clovis, she moved to California.  AR 77–79.  In June of 2014, Ms. Farden moved back to Clovis, New Mexico.  AR 1174.

Ms. Farden's March 2008 application for benefits was denied initially and upon reconsideration, and Ms. Farden requested a hearing before an ALJ.  AR 98–99, 109–11.  On February 17, 2010, ALJ Lowell Fortune conducted a hearing, but because he did not have all of the relevant medical evidence, he continued the hearing.  AR 53–88.  ALJ Fortune held a supplemental hearing on June 4, 2010.  AR 29–52.  ALJ Fortune issued his unfavorable decision on July 21, 2010.  AR 9–28.  The Appeals Council denied Ms. Farden's request for review, and on March 29, 2012, Ms. Farden appealed the Commissioner's decision to the United States District Court for the Central District of California.  AR 1007–11, 1013–15.  The district court in California reversed and remanded the Commissioner's decision for further proceedings on March 25, 2013.  AR 1020–43.

While ALJ Fortune's decision was under review in California, Ms. Farden filed a second application for supplemental security income on October 7, 2011, continuing to allege disability as of March 13, 2007.  AR 921.  Her second application was denied initially and upon reconsideration, and ALJ Jennifer Simmons held a hearing on May 21, 2012.  *Id.*  ALJ Simmons issued an unfavorable decision on July 17, 2012.  AR 918–932, 1081–92.  The Appeals Council consolidated Ms. Farden's appeal of ALJ Simmons' decision with ALJ Fortune's remanded

number and page.

2

decision and issued an order remanding the consolidated case to an administrative law judge. AR 913–17, 1048–52. ALJ Michael Hertzig held a hearing on March 20, 2015. AR 872–912. ALJ Hertzig issued his unfavorable decision on May 15, 2015. AR 833–69. ALJ Hertzig's decision was the decision at issue in this appeal. *See* Doc. 2.

Ms. Farden raised six main arguments on appeal. She argued that ALJ Hertzig erred in: (1) finding Ms. Farden's depressive disorder nonsevere at step two; (2) failing to follow the mandates of the U.S. District Court and the Appeals Council; (3) finding that Ms. Farden's impairments did not meet Listing 14.06; (4) finding that Ms. Farden could perform her past relevant work; (5) failing to accurately give his RFC to the vocational expert ("VE"); and (6) improperly relying on the VE's testimony that Ms. Farden was capable of performing other work.

Within Ms. Farden's first point of error, she made three sub-arguments: (1) that ALJ Hertzig erred in finding her depressive disorder nonsevere by using vague and imprecise terms to describe her medical treatment, Doc. 23 at 12–13; that ALJ Hertzig failed to follow Social Security Ruling ("SSR") 96-7p,[3] *id.* at 13–14; and that ALJ Hertzig exaggerated or misstated evidence in order to determine that her depressive disorder was nonsevere, *id.* at 14–15. The Court ultimately reversed the Commissioner's decision and remanded the case based on ALJ Hertzig's failure to adequately analyze Ms. Farden's credibility pursuant to SSR 96-7p. Doc. 31.

Ms. Farden now seeks attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). The Commissioner opposes the motion on the grounds that the Commissioner's position was substantially justified and that the fees requested are excessive and unreasonable. Doc. 35. I agree with the Commissioner that the fees requested are excessive and unreasonable,

---

[3] SSR 96-7p was superseded by SSR 16-3p on March 16, 2016. *See* SSR 16-3p, 2016 WL 1119029 (2016).

and therefore grant Ms. Farden's motion in part and deny it in part.

## II.     Standard of Review

EAJA provides for an award of attorney fees to a plaintiff when: (1) he or she is the prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). However, the fees should be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. Once the court determines that the government's position was not substantially justified, "then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (unpublished).

## III.    Discussion

### A. The Commissioner's position was not substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). "Thus, the government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In other words, the government's position must have had a "reasonable basis both in law and fact." *Pierce*, 487 U.S. at 565. "The government's 'position can be justified even though it is not correct.'" *Hackett,* 475 F.3d at 1172 (quoting *Pierce* 487 U.S. at 566 n.2). EAJA "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Id*, 475 F.3d at 1174. In determining whether the Commissioner's position was substantially justified, the Court must consider the Commissioner's position both in the agency and in the district court. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(D); *Hackett*, 475 F.3d at

4

1172–73.  The Commissioner has the burden to show her position was substantially justified. *Hackett*, 475 F.3d at 1172.

The Commissioner contends that the Court should deny Ms. Farden's claim for EAJA fees because her position was substantially justified.  The Commissioner argues that her position on the issue that led to remand was reasonable.  Doc. 35 at 3–6.  The Court remanded this case because the ALJ failed to properly evaluate Ms. Farden's credibility pursuant to SSR 96-7p.  Doc. 31 at 10–13.  While relying heavily on the fact that Ms. Farden did not seek mental health treatment, the ALJ did not consider Ms. Farden's reasons for failing to do so—that she could not afford the treatment and did not have transportation to seek treatment—as required by SSR 96-7p.  *Id.*

In response to Ms. Farden's request for EAJA fees, the Commissioner concedes that the ALJ erred in relying on Mr. Farden's lack of mental health treatment without considering her explanation for the lack of treatment.  Doc. 35 at 4.  She also concedes that the Commissioner incorrectly asserted that the ALJ appropriately found that that Ms. Farden failed to maintain mental health treatment.  *Id.*  The Commissioner did not make this same concession in her response to Ms. Farden's motion to remand, however.  Nevertheless, the Commissioner argues that "in assessing the reliability of Plaintiff's statements regarding the intensity, persistence, and limiting effects of her mental condition, [the] ALJ gave other reasons that were reasonable." *Id.*

In her motion to remand, Ms. Farden asserted that the ALJ failed to follow SSR 96-7p by failing to consider her reasons for not seeking mental health treatment.  Doc. 23 at 13–14.  In her response to the motion to remand, the Commissioner did not concede, as she does now, that the ALJ erred in relying Ms. Farden's failure to maintain mental health treatment or seek mental health care without considering her reasons for that failure.  Doc. 26 at 5–8.  Instead, the

5

Commissioner argued that the ALJ's finding at step two was supported by substantial evidence because there were other reasons that the ALJ used to discredit Ms. Farden's credibility with regard to her depression and anxiety. *See* Doc. 26 at 5–8. As Ms. Farden pointed out in her reply, the Commissioner did not "respond to the claim that ALJ Hertzig legally erred in failing to follow SSR 96-7p." Doc. 27 at 2.

The law is clear that if the ALJ is going to rely on a claimant's failure to seek or sustain medical care, the ALJ must consider the claimant's reasons for not seeking that care.

> Before the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider "(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse."

*Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). SSR 96-7p provides examples of reasons a claimant may fail to seek treatment, including "[t]he individual may be unable to afford treatment and may not have access to free or low-cost medical services." SSR 96-7p, 1996 WL 374186, at *8. It may well be that the ALJ did not believe Ms. Farden because he thought she was incredible based on the other reasons stated in his decision. There is no indication, however, that the ALJ ever considered Ms. Farden's reasons for not seeking mental health treatment.

Although there may have been other reasons that the ALJ discounted Ms. Farden's credibility, because the ALJ relied on Ms. Farden's failure to seek mental health treatment, SSR 96-7p required the ALJ to consider Ms. Farden's reasons for that failure. *See* SSR 96-7p, 1996 WL 374186, at *7 ("[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek

6

medical treatment."). The ALJ failed to apply the correct legal standard because he drew an adverse inference from Ms. Farden's failure to seek treatment, but there is no indication that the ALJ ever considered Ms. Farden's reasons for not seeking treatment. Accordingly, the position of the Commissioner was not substantially justified. Because I find that the Commissioner's position was not substantially justified, I will address the reasonableness of the EAJA fees requested.

### B. The EAJA fees requested by Ms. Farden are excessive and unreasonable.

Determining the reasonableness of the number of hours billed lies within the Court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (interpreting attorney-fee request under 42 U.S.C. § 1988); *see also Jean*, 496 U.S. at 161 (explaining that once a litigant has established eligibility for fees under EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the amount of hours actually billed. *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (citing *Hensley*, 461 U.S. at 437). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id.* The Court has a corresponding obligation to exclude

7

hours "not reasonably expended" from the calculation. *Id.* "A district court should approach this reasonableness inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983)).

Ms. Farden requests $11,819.47 in fees for 61.32 hours of work performed in 2015 (5.29 hours), 2016 (55.53 hours), and 2017 (.5 hours). The Commissioner does not dispute that Ms. Farden was the prevailing party, but she does contend that the fees requested are excessive and unreasonable. I agree that the fees requested are excessive and unreasonable.

Courts have held the average hours required to fully brief a social security appeal in the Tenth Circuit generally range from 20 to 40 hours. *See Medina v. Astrue*, 2010 WL 1254835, at *3 (D. Colo. Mar. 26, 2010) (internal citations omitted); *see also Muller v. Colvin*, 14-cv-0953 SMV, Doc. 29 at 2 (D.N.M. Jan. 27, 2016) (unpublished); *Wellman v. Colvin*, 13-cv-1122 KBM, Doc. 25 at 2 (D.N.M. June 15, 2015) (unpublished); *Villalobos v. Colvin*, 15-cv-0463 CG, Doc. 32 at 8 (D.N.M. July 12, 2016) (unpublished). More hours may be justified where the administrative record is especially extensive or where novel or complex issues are presented. *Wellman*, 13-cv-1122 KBM, Doc. 25 at 2.

Here, the hours incurred by counsel significantly exceed the average range of hours spent on similar cases. There was nothing particularly unusual or complex about this case. The arguments made were typical of Social Security disability appeals. Ms. Farden's counsel represented her at the administrative level as well as on appeal and should have been familiar with the facts and issues raised. Doc. 36 at 4. Counsel has been practicing law for forty-nine years and practiced exclusively in the area of Social Security disability appeals for the past seven years. Doc. 33-1 at 1. Counsel's experience and skill should decrease the need for hours spent

on cases in this area, which is highly repetitive.  *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1172 (D.N.M. 2005).  Although the record in this case is larger than average given the multiple applications, decisions, appeals, and remands, the only decision at issue in this appeal was ALJ Hertzig's decision.  Doc. 10.

I have reviewed recent motions for EAJA fees in cases I have decided and found that the requests ranged from 28.75 hours to 39.5 hours.  *See Jones v. Social Security Administration,* 15-cv-0842 LF, Doc. 25 (D.N.M. July 5, 2016); *Saenz v. Social Security Administration*, 15-cv-1034 LF, Doc. 33 (D.N.M. June 30, 2017); *Vallejos v. Colvin*, 14-cv-0490 JAP-LF, Doc. 32 (D.N.M. Apr. 20, 2016); *Sedillo-Romero v. Colvin*, 14-cv-0821 LF-SMV, Doc. 32 (D.N.M. Aug. 10, 2016); *Guadagnoli v. Colvin*, 15-cv-0214 MCA-LF, Doc. 30 (D.N.M. Aug. 7, 2016).  In all of the above cases, counsel agreed to moderately reduce their requested fees, and I ordered fees (based on stipulation) ranging from $5100 to $6500.  The administrative records ranged from 510 pages in *Jones*, 1000 pages in *Saenz*, 468 pages in *Vallejos*, 557 pages in *Sedillo-Romero*, to 948 pages in *Guadagnoli*.  The motion for remand in *Jones* raised five issues in 27 pages.  15-cv-0842 LF, Doc. 15.  The motion for remand in *Saenz* raised 4 issues in 28 pages.  15-cv-1034 LF Doc. 24.  The motion for remand in *Vallejos* raised three issues in 26 pages.  14-cv-0490 JAP-LF, Doc. 19.  The motion for remand in *Sedillo-Romero* raised four issues in 26 pages.  14-cv-0821 LF-SMV, Doc. 19.  The motion for remand in *Guadagnoli* raised three issues in 24 pages.  15-cv-0214 MCA-LF, Doc. 21.  In this case, Ms. Farden raised six issues in 26 pages, (Doc. 23), and the record was 1883 pages long (Doc. 20).  As noted above, however, the length of the record was due, in part, to the multiple applications, decisions, appeals, and remands for ALJ decisions that were not at issue in this appeal.  Compared to the other cases I have reviewed, Ms. Farden's claim for 61.32 hours of work is well above the high end of the average for this district

and is excessive and unreasonable.

The Commissioner suggests that the Court reduce the requested amount to no more than 40 hours at counsel's 2016 rate as most of the hours billed were in 2016. Doc. 35 at 8. The Court agrees. Because I find that 61.32 hours for the work performed is excessive, I will reduce the hours to 40, which is at the high end of the average time necessary to brief a social security appeal in this district. Ms. Farden has not sustained her burden of establishing that this case warranted 21.32 hours more work than the high end of the average case. I find that the rate charged in 2016 ($193 per hour) should apply as Ms. Farden's counsel billed the bulk of his hours in 2016. Accordingly, 40 hours at $193 per hour equals a fee of $7,720.00.

IT IS THEREFORE ORDERED that plaintiff Diane Farden's motion for EAJA fees (Doc. 33) is GRANTED in part and DENIED in part. Ms. Farden is awarded $7,720.00 in attorney's fees pursuant to 28 U.S.C. § 2412(d). Any EAJA fees must be paid to plaintiff, but delivered to plaintiff's attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 591–93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT, if Ms. Farden's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Ms. Farden's counsel shall refund the smaller award to her pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent